# INDEX OF EXHIBITS

## DENISE ACQUAFREDDA V. TJ SERVICES, et al.

### (NOTICE OF REMOVAL OF ACTION)

| | |
|---|---|
| Exhibit A | Complaint |
| Exhibit B | Waiver of Summons of Summons (TJ Services) |
| Exhibit C | Waiver of Service of Summons (Experian) |
| Exhibit D | Certificate Regarding Compulsory Arbitration |
| Exhibit E | Notice of Lawsuit and Request for Waiver of Service of Summons |

**COPY**

JUN 2 9 2011

MICHAEL K.JEANES, CLERK
S.DONAHOE
DEPUTY CLERK

1  Paul B. Mengedoth (018507)
2  **MENGEDOTH LAW FIRM LLC**
   14646 N. Kierland Blvd, Ste 140
3  Scottsdale, Arizona 85254
   Tel: (480) 778-9100
4  Fax: (480) 778-9101
5  E-mail:  paul@mengedothlaw.com
6
7  Attorneys for Plaintiff Denise Acquafredda
8        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9          **IN AND FOR THE COUNTY OF MARICOPA**
10
11  DENISE ACQUAFREDDA, an          )   No. ~~CV2011-054368~~
    unmarried woman,                )
12                                  )
                                    )
13             Plaintiff,           )        **COMPLAINT**
                                    )
14  v.                              )
                                    )
15  TJ SERVICES, INC. d/b/a CREDIT  )
    CONTROL, a Virginia corporation and )
16  EXPERIAN INFORMATION            )
    SOLUTIONS, INC., an Ohio        )   **JURY TRIAL REQUESTED**
17  corporation,                    )
                                    )
18                                  )
19             Defendants.          )
                                    )
20  _____)
21
22       Plaintiff, Denise Acquafredda (hereinafter "Acquafredda"), by undersigned counsel,
23  and, for cause of action against Defendants TJ Services, Inc. d/b/a Credit Control Corporation
24  ("Credit Control Corporation" or "CCC") and Experian Information Solutions, Inc.
25  ("Experian") states as follows:
26               **I. PARTIES, JURISDICTION AND VENUE**
27
28



EXHIBIT A

1.      Plaintiff Denise Acquafredda ("Plaintiff Acquafredda") is an adult resident citizen of Maricopa County, Arizona and a "consumer" as that word is defined by 15 U.S.C. § 1681 et seq. and 15 U.S.C. 1692 et seq.

2.      Defendant TJ Services, Inc. is a Virginia corporation doing business under the fictitious name of Credit Control Corporation (hereafter, "Defendant CCC",) and regularly conducts business in the State of Arizona, Maricopa County and may be served with process upon its registered agent Terry C. Fuller, Chesapeake Building, 11825 Rock Landing Drive, Newport News, VA 23606.  Defendant CCC regularly furnishes information to consumer reporting agencies about consumers and is a "debt collector" as that term is defined under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

3.      Defendant Experian Information Solutions, Inc (hereafter, "Experian"), an Ohio corporation with its principal place of business in the State of California, is registered to do business in the State of Arizona and may be served with process upon CT Corporation System, 2394 E Camelback Road, Phoenix, AZ, 85016.  Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681(f) of the Federal Fair Credit Reporting Act and A.R.S. § 44-1691 of the Arizona Consumer Reporting and Fair Credit Reporting Act.

4.      This Court has jurisdiction over this action and venue is proper.

## II.  FACTUAL BACKGROUND

5.      Plaintiff Acquafredda has only ever resided in Goodyear, Arizona since 2001, and has never resided at 3030 N. 7th Street, Apartment 156, Phoenix Arizona.

6.    On or about May 20, 2010, Plaintiff Acquafredda first learned of the existence of two separate accounts for collection identified as Credit Control Corporation account numbers 205045-1949 and 205045-1950 appearing on her Experian credit report.  The original creditor identified in her Experian report, dated May 20, 2010 for both such accounts is "Cox Communications, Phoenix AZ" and the accounts listed separate alleged indebtedness of $562.00 and $530.00 ("Cox Accounts").

7.    On or about May 20, 2010, upon information and belief, neither consumer reporting agencies Trans Union nor Equifax reported the Cox Accounts were past due or owing by Plaintiff Acquafredda or any accounts that were identified as being collected by Defendant CCC pertaining to Plaintiff Acquafredda.

8.    On or about June 1, 2010, Plaintiff Acquafredda telephoned Defendant Experian and informed its representative that she disputed that she owed either accounts, upon which Defendant Experian's representative informed her she could only dispute the item with Defendant CCC and then instructed her to contact CCC directly.

9.    On or about June 1, 2010, Plaintiff Acquafredda telephoned Defendant CCC and spoke with its representative who identified herself as Ms. Brown.  At the time, Plaintiff disputed to Ms. Brown that she owed Defendant CCC or Cox Communications the debts allegedly owing on Cox Accounts and appearing on her Experian report, and informed Defendant CCC's representative that she had never resided at the address Defendant CCC then informed her were associated with both accounts.

10.    The first communication between Plaintiff Acquafredda and Defendant CCC occurred on or about June 1, 2010.

11.    On or about June 1, 2010, Defendant CCC never communicated to Plaintiff Acquafredda that it was a debt collector and any information it obtained would be used for purposes of collection.

12.    At no time on or after June 1, 2010 did Defendant CCC ever communicate to Plaintiff Acquafredda that she had the right to dispute the validity of the debt she alleged owed to Cox Communications to Defendant CCC within any period of time or to request Defendant CCC provide her with the validation of the alleged indebtedness.

13.    On or about June 1, 2010 Plaintiff Acquafredda reported to Defendant Experian that she was likely the victim of identity theft.  On or about the same day, she also reported she was a likely victim of identity theft to Trans Union and Equifax.

14.    On or about June 1, 2010, Plaintiff Acquafredda reported to the Goodyear Police Department that she was the likely victim of identity theft because the false information appearing on her Experian credit report related to the two Cox Communications accounts (hereafter, "Goodyear Police Report").

15.    On or about July 9, 2010, Defendant CCC's representative Ms. Brown left a voicemail on Plaintiff Acquafredda's home phone requesting to call her back and not specifying what the call was regarding.  Defendant CCC did not communicate that it was a debt collector or that any information it obtained would be used for those purposes.

16.     On or about June 16, 2010, Plaintiff Acquafredda wrote and mailed her first letter to Defendant CCC and again informed Defendant CCC that she disputed that she ever lived at the address associated with the two Cox accounts.  As further proof, she provided W-2 forms identifying her Goodyear residential address.

17.     On or about June 16, 2010, Plaintiff Acquafredda also submitted a dispute with Defendant Experian wherein she disputed that she owed any debt to Cox Communications and/or Defendant CCC, and, furthermore, she requested each Cox account reported as negative information be investigated and deleted from her Experian credit report.  At the time, she submitted copies of the Goodyear Police Report with her dispute to Experian.

18.     Upon information and belief, Defendant Experian contacted Defendant CCC and informed it that Plaintiff Acquafredda disputed the validity of both alleged separate indebtedness to Cox Communications.

19.     Upon information and belief, Defendant CCC responded to and informed Defendant Experian, without any or a reasonable investigation, that both the Cox accounts were valid.

20.     Upon information and belief, Defendant Experian simply parroted the response provided by Defendant CCC without performing a reasonable investigation of the information appearing on Plaintiff Acquafredda's Experian credit report.

21.     On or about July 1, 2010, Defendant Experian provided Acquafredda with the results of its "investigation" and informed her that neither Cox Account would be deleted from her Experian credit report.

22. On or about July 27, 2010 Defendant Experian generated Acquafredda's credit report and again informed her that as a result of its "investigation" neither Cox Account would be deleted from her Experian credit report.

23. On or about August 3, 2010, Plaintiff Acquafredda wrote to Defendant Experian and submitted her second dispute that she disputed the Cox Accounts were her accounts or that she ever lived at the address associated with either account. In addition to all the W-2 information she previously provided to Defendant Experian, she included (1) an account statement from Southwest Gas Corporation proving continuous service at her Goodyear residential address from October 15, 2001 to August 2, 2010, and (2) a Notice of Utility Services from the City of Goodyear from October 15, 2001 to August 3, 2010 proving she maintained continuous service at her Goodyear residential address during all such times.

24. On or about August 4, 2010, Plaintiff Acquafredda faxed Defendant CCC a copy of her August 2, 2010 letter to Experian and all the foregoing supporting documentation – again disputing that she ever lived at the address associated with the Cox Accounts or that they were her alleged debts to Cox Communications. She also requested Defendant CCC cease communication with her.

25. On or about August 13, 2010, Defendant Experian wrote to Plaintiff Acquafredda and informed her that it was not able to use the information she submitted to it.

26. All the information Plaintiff Acquafredda submitted to Defendant Experian previously was sufficient to remove the only negatively reported items on her Experian credit report – the Cox Accounts.

27.     Upon information and belief, Defendant Experian contacted Defendant CCC and informed it that Plaintiff Acquafredda disputed the validity of both alleged separate indebtedness to Cox Communications.

28.     Upon information and belief, Defendant CCC responded to and informed Defendant Experian, without any or a reasonable investigation, that both the Cox accounts were valid.

29.     Upon information and belief, Defendant Experian parroted the response provided by Defendant CCC without performing a reasonable investigation of the information appearing on Plaintiff Acquafredda's Experian credit report.

30.     On or about September 8, 2010, Defendant Experian provided Defendant Acquafredda with the results of its "investigation" and informed her that neither of the Cox Accounts would be deleted from her Experian credit report.

31.     On or about September 13, 2010, Plaintiff Acquafredda wrote to Defendant Experian and submitted a third dispute that she disputed the Cox Accounts were her accounts or that she ever lived at the address associated with either account.  She again included (1) an account statement from Southwest Gas Corporation proving continuous service at her Goodyear residential address from October 15, 2001 to August 2, 2010, and (2) a Notice of Utility Services from the City of Goodyear from October 15, 2001 to August 3, 2010 proving she maintained continuous service at her Goodyear residential address during all such times.

32.     On or about September 13, 2010, Plaintiff Acquafredda faxed Defendant CCC a copy of her September 13, 2010 letter to Experian and all the foregoing supporting

documentation – again disputing that she ever lived at the address associated with the Cox Accounts or that they were her alleged debts to Cox Communications.

33.    On or about September 22, 2010, Defendant Experian wrote to Plaintiff Acquafredda and informed her that it would refuse to investigate her dispute of the false information appearing as to the Cox Accounts any further, and removed only the disputed Phoenix residential address associated with the Cox Accounts.

34.    All the information Plaintiff Acquafredda submitted to Defendant Experian previously was sufficient to remove the only negatively reported items on her Experian credit report – the Cox Accounts.

35.    On October 18, 2010, Plaintiff Acquafredda wrote to Defendant Experian and submitted a fourth dispute that she disputed the Cox Accounts were her accounts or that she ever lived at the address associated with either account.  In addition to all the W-2 information she previously provided to Defendant Experian, she again included (1) an account statement from Southwest Gas Corporation proving continuous service at her Goodyear residential address from October 15, 2001 to August 2, 2010, and (2) a Notice of Utility Services from the City of Goodyear from October 15, 2001 to August 3, 2010 proving she maintained continuous service at her Goodyear residential address during all such times.

36.    On or about October 18, 2010, Plaintiff Acquafredda faxed Defendant CCC a copy of her August 2, 2010 letter to Experian and all the foregoing supporting documentation – again disputing that she ever lived at the address associated with the Cox Accounts or that they were her alleged debts to Cox Communications.

8
COMPLAINT

37.     On or about October 18, 2010, Ms. Brown left a voicemail on Plaintiff Acquafredda's cell phone requesting her to call back.

38.     On or about February 25, 2011, Plaintiff Acquafredda wrote Trans Union and Defendant CCC, submitting a written dispute that she disputed the Cox Accounts were her accounts or that she ever lived at the address associated with either account.  In addition to all the W-2 information she previously provided to Defendant Experian, she included (1) an account statement from Southwest Gas Corporation proving continuous service at her Goodyear residential address from October 15, 2001 to present,  (2) a Notice of Utility Services from the City of Goodyear from October 15, 2001 to present proving she maintained continuous service at her Goodyear residential address during all such times, and (3) tax documents from her college from 2004 and 2005 showing her Goodyear address, (4) the police report filed on June 1, 2010, and (5) all correspondence previously submitted to Defendant Experian and CCC.

39.     On or about March 7, 2011, Ms. Brown left a voicemail on Plaintiff Acquafredda's cell phone requesting her to send a copy of her driver's license and social security card, and to call her back.

40.     Upon information and belief, Trans Union contacted Defendant CCC and informed it that Plaintiff Acquafredda disputed the validity of both alleged separate indebtedness to Cox Communications.

41.     Upon information and belief, Defendant CCC responded to and informed Trans Union, without any or a reasonable investigation, that both the Cox Accounts were valid.

9
COMPLAINT

42.    Upon information and belief, Trans Union removed the disputed Cox Accounts with appearing on her Trans Union credit report.

43.    Unknown to Plaintiff Acquafredda until February of 2011, Defendant CCC intentionally, willfully and/or negligently reported the alleged debts on the Cox Accounts as an unpaid collection to Trans Union for its inclusion on her Trans Union credit report in August of 2010.

44.    Based upon the false information appearing on both her credit reports with Defendant Experian and Trans Union, Plaintiff Acquafredda was denied credit and/or given credit on substantially less favorable terms because of the false information appearing on her Experian and/or Trans Union credit reports which identified the Cox Accounts.

45.    Defendant CCC is a furnisher of credit information to the national consumer reporting agencies and thus owes duties under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

46.    Defendant Equifax is a consumer reporting agency, as defined by the Fair Credit Reporting Act and thus also owes duties pursuant to 15 U.S.C. § 1681 et seq.

47.    Upon receipt of Plaintiff's dispute letter regarding Defendant CCC's collection of the Cox Accounts, 15 U.S.C. § 1681i of the Fair Credit Reporting Act required Defendant Experian to perform a reasonable investigation of the Plaintiff's dispute regarding Defendant CCC's collection within thirty days of the receipt of the dispute.

48.    Defendant CCC also owed a duty to perform a reasonable investigation of the Plaintiff's disputes, pursuant to 15 U.S.C. § 1681s-2(b) and A.R.S. § 44-1695(C).  Upon

10
COMPLAINT

receipt of the Plaintiff's disputes to Experian and Trans Union, Defendant CCC owed a duty to perform a reasonable investigation with respect to the disputed information pursuant to 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act and A.R.S. § 44-1695(C) of the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act.

## III.  CAUSES OF ACTION

### COUNT I
**WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT**

49.     Plaintiff Acquafredda incorporates as if fully set out herein all the preceding paragraphs.

50.     Defendant CCC failed to perform a reasonable investigation of Plaintiff Acquafredda's disputes and "verified" to Experian that its collection of the Cox Accounts should continue to appear in her credit files.  Defendant CCC's actions constitute negligent and/or willful violations of the Fair Credit Reporting Act.

51.     Defendant Experian also negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform a reasonable investigation of the Plaintiff Acquafredda's dispute. 15 U.S.C. § 1681i requires Defendant Equifax to perform a reasonable investigation of the Plaintiff Acquafredda's dispute of Defendant's CCC's collection.  Experian negligently and/or willfully violated 15 U.S.C. § 1681i by failing to reasonably investigate Plaintiff Acquafredda's dispute.

52.     15 U.S.C. § 1681e(b) requires Defendant Experian to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit reports.  Defendant Experian

11

negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff Acquafredda's credit history.

53.   Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Defendants' actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of her actual damages as well as attorneys' fees and costs.  In addition, the Defendants' actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of her actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

## COUNT II

## WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE ARIZONA CONSUMER REPORTING AGENCIES AND FAIR CREDIT REPORTING ACT

54.   Plaintiff Acquafredda incorporates as if fully set out herein all the preceding paragraphs.

55.   Defendant Credit Protection failed to perform a reasonable investigation of the Plaintiff's disputes and "verified" to Experian that Defendant CCC's collection of the Cox Accounts should continue to appear in the Plaintiff Acquafredda's credit files.  Defendant CCC's actions constitute negligent and/or willful violations of the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act.

56.   Defendant Experian also negligently and/or willfully violated A.R.S. §§ 44-1694 and 44-1695 by failing to perform a reasonable investigation of the Plaintiff Acquafredda's dispute. A.R.R. §§ 44-1694 and 44-1695 require Defendant Experian to perform a reasonable investigation of Plaintiff Acquafredda's dispute of Defendant CCC's collection of the Cox

Accounts.  Defendant Experian negligently and/or willfully violated A.R.S. § 44-1694 by failing to reasonably investigate the Plaintiff Acquafredda's dispute.

57.     A.R.S. § 44-1695 (C) requires Defendant Experian to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff Acquafredda's credit reports.  Defendant Experian negligently and/or willfully violated A.R.S. § 1695(C) by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff Acquafredda's credit history.

58.     Pursuant to A.R.S. § 44-1695, the Defendants' actions in negligently violating the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act entitle Plaintiff Acquafredda to recovery of her actual damages as well as attorneys' fees and costs.  In addition, the Defendants' actions in willfully violating the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act entitle Plaintiff Acquafredda to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to A.R.S. § 44-1695 (C).

## COUNT III

## VIOLAITON OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

59.     Plaintiff Acquafredda incorporates as if fully set out herein all the preceding paragraphs.

60.     Defendant CCC violated the Federal Fair Debt Collection Practices Act.  Defendant CCC's violations include, but are not limited to, the following:

     (a)     Defendant CCC violated 15 U.S.C. § 1692e(2) by its false representation of the character, amount, or legal status of the alleged debts to Cox Communications when they reported it as owing by Plaintiff.

13
COMPLAINT

(b)   Defendant CCC violated 15 U.S.C. § 1692e(10) by use of false representation and deceptive means to collect any debt when it reported a debt Plaintiff did not owe on either Cox Account and repeatedly "verified" such debt as owing despite Plaintiff's multiple disputes to the contrary

(c)   Defendant CCC violated 15 U.S.C. § 1692c(C) by its failure to cease communications with Plaintiff when instructed not to do so further.

(d)   Defendant CCC violated 15 U.S.C. § 1692e(10) by failing to ever communicate to Plaintiff that it is attempting to collect a debt and that any information obtained will be used for that purpose.

(e)   Defendant CCC violated 15 U.S.C. § 1692g(A)(1)-(5) by failing to provide any validation notice to Plaintiff.

Wherefore, Plaintiff respectfully prays that a judgment be entered against Defendant CCC for an award of actual damages, statutory damages, attorneys' fees, litigation expenses and costs of suit, and such other relief the Court deems just.

## COUNT IV

## NEGLIGENCE

61.   Plaintiff Acquafredda incorporates as if fully set out herein all the preceding paragraphs.

62.   Defendants owed a duty to use reasonable care to truthfully and accurately maintain and provide information and to follow reasonable procedures to assure the accuracy of the information maintained and provided.

63.     Defendants breached their duty of care to Plaintiff by maintaining and publishing false, inaccurate, and misleading information to third parties.

64.     The conduct of Defendants constitutes negligence.

65.     As a direct and proximate result of the conduct of Defendants, Plaintiff has been damaged.  Plaintiff has suffered adverse actions, mental anxiety, emotional suffering, physical pain, worry, humiliation, mental distress and pre-litigation attorney's fees.   In addition, Plaintiff has incurred and will continue to incur litigation expenses and post litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.  Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

66.     The willful conduct of Defendants in, respectively, compiling, maintaining, analyzing and publishing false, inaccurate and misleading information regarding Plaintiff was negligent and without just cause or excuse and entitles Plaintiff to the recovery of punitive damages.

### IV.     DEMAND FOR JURY TRIAL

67.     Plaintiff demands a trial by jury as to all issues so triable.

DATED this 29th day of June, 2011.

MENGEDOTH LAW FIRM LLC

By: _____
Paul B. Mengedoth
14646 N Kierland Blvd
Scottsdale, AZ 85254
Attorneys for Plaintiff Denise Acquafredda

16
COMPLAINT

1    AIKEN SCHENK HAWKINS & RICCIARDI P.C.
     4742 North 24th Street, Suite 100
2    Phoenix, Arizona 85016-4859
     Telephone: (602) 248-8203
3    Facsimile: (602) 248-8840
     E-Mail: efile@ashrlaw.com
4    E-Mail: scr@ashrlaw.com

5    Stephen C. Rich - 007488
     Attorneys for Defendant TJ Services,
6    Inc. d/b/a Credit Control

7

COPY

AUG 1 0 2011

8        SUPERIOR COURT OF THE STATE OF ARIZONA

9               COUNTY OF MARICOPA

10

11   DENISE ACQUAFREDDA, an unmarried    No. CV2011-054368
     woman,

12             Plaintiff,

13   v.                        **WAIVER OF SERVICE OF SUMMONS**

14   TJ SERVICES, INC., d/b/a/ CREDIT
15   CONTROL, a Virginia corporation and    (Assigned to Honorable Alfred Fenzel)
     EXPERIAN INFORMATION
16   SOLUTIONS, INC. an Ohio corporation,

17             Defendants.

18   TO: Paul B. Mengedoth, Attorneys for Plaintiff:

19

20        I acknowledge receipt of your request that I waive service of a summons in the action

21   *Denise Acquafredda v. TJ Services, Inc., et al.*, which is case number CV2011-054368 in the

22   Superior Court of the State of Arizona in and for the County of Maricopa. I have also

23   received a copy of the complaint in the action, two copies of this instrument, and a means by

     which I can return the signed waiver to you without cost to me.

24        I agree to save the cost of service of a summons and an additional copy of the

25   complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be

26   served with judicial process in the manner provided by the Arizona Rules of Civil

27   Procedure.

28

S:\Credit Control Corp\20112002-Acquafredda\Pleadings\WaiverofSvc.docx


EXHIBIT B

211

The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within sixty (60) days after August 4, 2011, or within ninety (90) days after that date if the request was sent outside of the United States.

DATED this 4th day of August, 2011.

AIKEN SCHENK HAWKINS & RICCIARDI P.C.

By _____
Stephen C. Rich
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
Attorneys for Defendant TJ Services,
Inc. d/b/a Credit Control

S:\Credit Control Corp\20112002-Acquafredda\Pleadings\WaiverofSvc.docx

2

1  Paul B. Mengedoth (018507)
2  MENGEDOTH LAW FIRM LLC
   14646 N. Kierland Blvd., Ste 140
3  Scottsdale, Arizona 85254
4  (480) 778-9100
   (480) 778-9101 (Fax)
5  E-mail: paul@mengedothlaw.com

6  Attorneys for Plaintiff Denise M. Acquafredda

7

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9
               IN AND FOR THE COUNTY OF MARICOPA
10

11
12  DENISE ACQUAFREDDA, an          )        CASE NO. CV2011-054368
    unmarried woman,                )
13                                  )
                 Plaintiff,         )
14                                  )
15  v.                              )        WAIVER OF SERVICE OF
                                    )            SUMMONS
16  TJ SERVICES, INC d/b/a CREDIT   )
    CONTROL CORPORATION, a Virginia )
17  Corporation and EXPERIAN        )
18  SOLUTIONS, INC., an Ohio corporation )
                                    )
19               Defendant.         )
                                    )
20

21  TO:            Mengedoth Law Firm LLC,
22
                   c/o Paul B. Mengedoth
23
24      I acknowledge receipt of your request that I waive service of a summons in the action of
    Acquafredda v Credit Control et al., which is case number CV2011-054368 in the Superior
25
    Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of
26
    the complaint in the action, two copies of this instrument, and a means by which I can return
27
    the signed waiver to you without cost to me.
28



1      I agree to save the cost of service of a summons and an additional copy of the complaint

2  in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with

3  judicial process in the manner provided by the Arizona Rules of Civil Procedure.

4      I (or the entity on whose behalf I am acting) will retain all defenses or objections to the

5  lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the

6  summons or in the service of the summons.

7      I understand that a judgment may be entered against me (or the party on whose behalf I

8  am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days

9  after June 30, 2011, or within ninety (90) days after that date after that date if the request was

10  sent outside the United States.

11      Dated this 28 day of July, 2011.

12

13

14

15          By: _____ FOR

            Experian Information Solutions, Inc. c/o

16              CT Corporation System, Registered

17              Agent

18

19  ## DUTY TO AVOID UNNECCESSARY COSTS OF SERVICE OF SUMMONS

20      Rule 4.1 and 4.2 of the Arizona Rules of Civil Procedure require certain parties to

21  cooperate in saving unnecessary costs of service of the summons and the pleading. A

22  defendant located the United States who, after being notified of an action and asked by a

23  plaintiff located the United States to waive service of a summons, fails to do so will be

24  required to bear the cost of such service unless good cause be shown for its failure to sign and

25  return the waiver.

26      It is not good cause for a failure to waive service that a party believes that the complaint

27  is unfounded, or that the action has been brought in am improper place or in a court that lacks

28  jurisdiction over the subject matter of the action or over its person or property. A party who

**COPY**

JUN 29 2011



MICHAEL K.JEANES, CLERK
S.DONAHOE
DEPUTY CLERK

1  Paul B. Mengedoth (018507)
2  **MENGEDOTH LAW FIRM LLC**
   14646 N. Kierland Blvd, Ste 140
3  Scottsdale, Arizona 85254
   Tel: (480) 778-9100
4  Fax: (480) 778-9101
5  E-mail: paul@mengedothlaw.com

6  Attorneys for Plaintiff Denise Acquafredda
7

8      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9          **IN AND FOR THE COUNTY OF MARICOPA**

10

11  DENISE ACQUAFREDDA, an            )   No. CV2011-054368
    unmarried woman,                   )
12                                      )
                Plaintiff,             )
13                                      )   **CERTIFICATE REGARDING**
                                        )   **COMPULSORY**
14  v.                                  )   **ARBITRATION**
                                        )
15  TJ SERVICES, INC. d/b/a CREDIT      )
    CONTROL, a Virginia corporation and )
16  EXPERIAN INFORMATION                )
    SOLUTIONS, INC., an Ohio            )
17  corporation,                        )
                                        )   **JURY TRIAL REQUESTED**
18                                      )
19              Defendants.            )
                                        )
20  ─────────────────────────────────  )

21

22      The undersigned states that the largest award sought by Plaintiff, including

23  punitive damages, but excluding interest, attorneys' fees and costs, does exceed the

24  limits set by the Local Rules for Compulsory Arbitration. This case is not therefore

25  subject to the Uniform Rules of Procedure for Arbitration.

26

27      DATED this 29th day of June, 2011.

28



1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MENGEDOTH LAW FIRM LLC

By:   _____
Paul B. Mengedoth
14646 N Kierland Blvd
Scottsdale, AZ 85254
Attorneys for Plaintiff Denise
Acquafredda

ORIGINAL filed this 29th day of June,
2011:

Clerk of the Court
Maricopa County Superior Court
18380 N 40th Street
Phoenix, AZ, 85032

COPY of the foregoing mailed this 29th
day of June, 2011, to:

Civil Court Administrator
Maricopa County Superior Court
125 W. Washington St., Ground Floor
Phoenix, Arizona  85003

By:   _____
Sabrina A. Alcasas

2

1  Paul B. Mengedoth (018507)
2  **MENGEDOTH LAW FIRM LLC**
   14646 N. Kierland Blvd., Ste 140
3  Scottsdale, Arizona 85254
   (480) 778-9100
4  (480) 778-9101 (Fax)
5  E-mail:  paul@mengedothlaw.com

6  Attorneys for Plaintiff Denise M. Acquafredda
7

8          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9
            **IN AND FOR THE COUNTY OF MARICOPA**
10

11

12 | DENISE ACQUAFREDDA, an | ) | **CASE NO. CV2011-054368** |
   | unmarried woman, | ) | |
13 | | ) | |
   | Plaintiff, | ) | |
14 | | ) | |
15 | v. | ) | **NOTICE OF LAWSUIT AND** |
   | | ) | **REQUEST FOR WAIVER OF** |
16 | TJ SERVICES, INC d/b/a CREDIT | ) | **SERVICE OF SUMMONS** |
   | CONTROL CORPORATION, a Virginia | ) | |
17 | Corporation and EXPERIAN | ) | |
18 | SOLUTIONS, INC., an Ohio corporation | ) | |
   | | ) | |
19 | Defendant. | ) | |
   | | ) | |
20

21 **TO:**          **Experian Information Solutions, Inc.,**
22
           **c/o CT Corporation System, Registered Agent**
23
24        A lawsuit has been commenced against you (or the entity on whose behalf you are
   addressed). A copy of the complaint is attached to this Notice. The complaint has been filed in
25
   the Superior Court for the State of Arizona in and for the County of Maricopa and has been
26
   assigned case number CV2011-054368.
27

28



This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also attached for your records.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the Court and no summons will be served on you. The action will them proceed as if you had been served on the date the waiver is filed, and you will be required to answer or otherwise respond to the complaint within sixty (60) days from the date designated below as the date on which this notice is sent (or within ninety (90) days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Arizona Rules of Civil Procedure and then, to the extent authorized by those Rules, I will ask the Court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the reverse side (or at the foot) of the enclosed "Waiver of Service of Summons" form.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on the date indicated below.

NOTICE AND REQUEST SENT this 30th day of June, 2011.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MENGEDOTH LAW FIRM LLC**

By: _____

Paul B. Mengedoth
14646 N Kierland Blvd, Suite 140
Scottsdale, AZ 85254
Attorneys for Plaintiff Denise
Acquafredda

1  Paul B. Mengedoth (018507)
2  **MENGEDOTH LAW FIRM LLC**
   14646 N. Kierland Blvd., Ste 140
3  Scottsdale, Arizona 85254
   (480) 778-9100
4  (480) 778-9101 (Fax)
5  E-mail:  paul@mengedothlaw.com
6
   Attorneys for Plaintiff Denise M. Acquafredda
7

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9
                 **IN AND FOR THE COUNTY OF MARICOPA**
10

11

12  DENISE ACQUAFREDDA, an             )        **CASE NO. CV2011-054368**
    unmarried woman,                   )
13                                     )
                     Plaintiff,        )
14                                     )
    v.                                 )
15                                     )        **WAIVER OF SERVICE OF**
                                       )              **SUMMONS**
16  TJ SERVICES, INC d/b/a CREDIT      )
    CONTROL CORPORATION, a Virginia    )
17  Corporation and EXPERIAN           )
    SOLUTIONS, INC., an Ohio corporation )
18                                     )
19                   Defendant.        )
    _____)
20

21  **TO:**              **Mengedoth Law Firm LLC,**

22                      **c/o Paul B. Mengedoth**

23       I acknowledge receipt of your request that I waive service of a summons in the action of
24  Acquafredda v Credit Control et al., which is case number CV2011-054368 in the Superior
25  Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of
26  the complaint in the action, two copies of this instrument, and a means by which I can return
27  the signed waiver to you without cost to me.
28

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after June 30, 2011, or within ninety (90) days after that date after that date if the request was sent outside the United States.

Dated this ___ day of ____, 2011.



By: _____
Experian Information Solutions, Inc. c/o
CT Corporation System, Registered
Agent


## DUTY TO AVOID UNNECCESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located the United States who, after being notified of an action and asked by a plaintiff located the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in am improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who

1   waives service of the summons retains all defenses and objections (except any relating to the
2   summons or to the service of the summons), and may later object to the jurisdiction of the
3   court or to the place where the action has been brought.

4         A defendant who waives service must, within the time specified on the waiver form,
5   serve on the Plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and
6   also must file a signed copy of the response with the court. If the answer or motion is not
7   served within this time, a default judgment may be taken against that defendant. By waiving
8   service, a defendant is allowed more time to answer than if the summons had actually been
9   served when the request for waiver of service was received.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28